J-S32006-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SPENCER SPIKER | |
| Appellant | No. 242 WDA 2013 |

Appeal from the PCRA Order January 3, 2013
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0012509-2008

BEFORE:  PANELLA, J., DONOHUE, J., and ALLEN, J.

MEMORANDUM BY PANELLA, J.:　　　　　　　　　**FILED AUGUST 5, 2014**

Appellant, Spencer Spiker, appeals from the order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), entered by the Honorable Edward J. Borkowski, Court of Common Pleas of Allegheny County.  After careful review, we affirm.

On May 27, 2009, Spiker pled guilty to indecent assault and endangering the welfare of a child.  The basis of the guilty pleas, as set forth by the Commonwealth during the guilty plea hearing, was as follows:

> If this case would have proceeded to trial, the primary witnesses would have been the defendant's wife and biological daughter. It would have been the testimony of his wife, Elizabeth Spiker, on the 20th of June, 2008, the defendant came home from being at some sort of function.  She heard him come into the house. Some time later she woke up and found him in the bed of their fiver-year old daughter.  When she pulled back the covers, she discovered there was KY Gel on the night stand table and the defendant was naked from the waist down.  His daughter's

pajama bottoms that she had been put to bed in were removed. The daughter looked up at her mother and said, "Get him out of here, he is bothering me." She took the daughter to another room and asked her did daddy hurt you, and eventually came to find that the defendant had moved her underwear to the side and rubbed his penis against her vagina and anus.

The defendant was questioned by the police and made a statement to the police that he was intoxicated and remembered rubbing his penis against his daughter's anus.

N.T., Guilty Plea Hearing, 5/27/09, at 7-8. Spiker did not object to or amend this factual predicate in any manner before admitting his guilt to the two charges. *See id*., at 8. Immediately thereafter, the trial court imposed the negotiated sentence of five years' probation. No post-sentence motions were filed, and Spiker did not file a direct appeal.

On May 25, 2010, Spiker filed a *pro se* PCRA petition. The PCRA court appointed counsel to Spiker, and counsel filed an amended PCRA petition. After a hearing on the amended petition, the PCRA court entered an order on January 3, 2013, dismissing Spiker's amended PCRA petition. This timely appeal followed.

On appeal, Spiker raises the following issues for our review:

I.   Whether the PCRA court erroneously dismissed Appellant's claim that trial counsel was ineffective, which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

II.  Whether the PCRA court erroneously dismissed Appellant's claim that there was a violation of the Constitution of this Commonwealth or the Constitution of the United States, which in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

III. Whether the PCRA court erroneously dismissed Appellant's claim that Appellant's plea of guilty was unlawfully induced where the circumstances made it unlikely that the inducement caused the Appellant to plead guilty and the Appellant is innocent.

Appellant's Brief, at 5. However, a review of the argument section of Spiker's brief reveals that all of his arguments are premised upon the claim that trial counsel's ineffectiveness caused Spiker's guilty plea to be unknowing and involuntary. *See* Appellant's Brief, at 15 ("As a result of trial counsel's ineffectiveness, Appellant did not enter into a knowing, intelligent, and voluntary plea); 16 ("As such, the above-mentioned ineffectiveness of trial counsel violated Appellant's right afforded to him by the Sixth Amendment of the United State Constitution."); ("It is clear that trial counsel's ineffectiveness induced the Appellant to plead guilty in the present matter, as Appellant would never had pled guilty to the present case had he been counseled effectively.") Therefore, we will address all three issues under one analysis.

Our standard of review of a PCRA court's denial of a petition for post-conviction relief is well-settled. We must examine whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *See Commonwealth v. Hall*, 867 A.2d 619, 628 (Pa. Super. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *See Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). Our

scope of review is limited by the parameters of the PCRA. ***See***

***Commonwealth v. Heilman***, 867 A.2d 542, 544 (Pa. Super. 2005).

To be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one of the errors listed in 42 PA.CONS.STAT.ANN. § 9543(a)(2)(i)-(viii). ***Commonwealth v. Albrecht***, 554 Pa. 31, 41, 720 A.2d 693, 698 (1998). Section 9543(a)(2) requires, *inter alia*,

> (2) That the conviction or sentence resulted from one or more of the following:
>
> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.
>
> (iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.
>
> (v) Deleted.
>
> (vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 PA.CONS.STAT.ANN. § 9543(a)(2)(i)-(viii).

Spiker argues that trial counsel was ineffective in advising him to accept the negotiated plea agreement. In addressing Spiker's claim of counsel's ineffectiveness, we turn to the following principles of law:

> In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place … Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Johnson*, 868 A.2d 1278, 1281 (Pa. Super. 2005). Moreover, "[w]e presume counsel is effective and place upon Appellant the burden of proving otherwise." *Commonwealth v. Springer*, 961 A.2d 1262, 1267-1268 (Pa. Super. 2008). "This Court will grant relief only if Appellant satisfies each of the three prongs necessary to prove counsel ineffective." *Commonwealth v. Natividad*, 595 Pa. 188, 208, 938 A.2d 310, 322 (2007). Thus, we may deny any ineffectiveness claim if "the evidence fails to meet a single one of these prongs." *Id*., 595 Pa. at 207-208, 938 A.2d at 321.

A claim of ineffectiveness in the context of a guilty plea may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea. *See Commonwealth v. Mendoza*, 730 A.2d 503, 505 (Pa. Super. 1999) (citation omitted). "[A] defendant is bound by the statements which he makes during his plea colloquy." *Commonwealth v. Barnes*, 687 A.2d 1163, 1167 (Pa. 1997) (citations omitted). As a result, a defendant "may not assert grounds for withdrawing the plea that contradict statements made when he pled guilty." *Id*.; *Commonwealth v. Yeomans*, 24 A.3d 1044 (Pa. Super. 2011).

Spiker's assertion of trial counsel ineffectiveness has varied bases. First, he claims that trial counsel was ineffective for "ignor[ing] evidence provided to him that established a viable defense in this matter." Appellant's Brief, at 11. This evidence was allegedly provided to trial counsel in the form of letters dated approximately one year before the guilty plea was entered.

> These letters called into question the credibility and possible bias of witnesses, specifically, Appellant's wife and the Commonwealth's primary witness, []. Additionally, these letters provided information regarding Appellant's military background and issues with alcohol, which would have aided counsel in attempting to establish a defense to the charges.

Appellant's Brief, at 12. One letter additionally set forth Spiker's participation in therapy and rehabilitation programs.

However, at the PCRA hearing, trial counsel provided the following testimony:

We talked about a lot of his background information and I'm sure that that [Spiker's sweating and tremors due to PTSD] was part of the conversation, …, sure.

…

Honestly, we talked a lot about his military background. I don't remember that [Spiker's military training regarding interrogation] specifically. Could he have? Absolutely.

…

We didn't hire a psychologist during that time. What we had talked about, what Spencer and I talked about is – I said, look, Spencer, my reputation for trying cases is always the same. I work for my clients. If a client says to me rumble, I go to trial. I'm proud of the fact that I try cases – in fact, just finished a case last week. Never do I make a decision for a client as to what they want to do. My job was to evaluate this case. And what Spencer and I talked about throughout this case is this is a very solid case, very strong case with very bad facts, and with the judge that I've known for many years and known him obviously well before he was judge, known him when he was a district attorney, known as a homicide district attorney, one thing I know about Judge Borkowski in a case like this on a – let me be straight up. Judge Borkowski on a case that is not amazing that is not terribly serious is fair. And let me, before I finish, I want to make a statement, I've been doing this too long to try to curry favor with anybody, any judge, any lawyer, I'm not that way. But Judge Borkowski on minor cases can be a very, very fair judge, but on something serious on a sex case with these facts, very dangerous. He's not afraid to bang somebody and give a lot of time on a serious case. He's not – maybe he doesn't have the same reputation that Judge Donna Jo McDaniel has in the courthouse, but I know this Judge on serious stuff. He's not afraid to put the hammer down. And that was one of the things I looked at in evaluating this man and what I think that man should have done in this case. And did I tell him that? You bet I did.

…

Absolutely. Absolutely [I would have taken the case to trial if Spiker had requested it]. And I would have joined with him and

rumbled and fought as hard as I could like I have done on every case in the years I've been a lawyer. …

…

If Mr. Spiker had said, [counsel], I want to pick a jury, I want to pick 12, I want to go to trial, it's my belief that without a negotiated plea agreement on these facts of this case, I believe that Spencer Spiker would have received a state sentence in prison, absolutely if he had been convicted.

N.T., PCRA hearing, 12/19/11, at 21-24. The PCRA court found trial counsel's testimony credible on these issues.

Furthermore, we conclude that the timing of these letters was such that if Spiker felt their contents were important, he would have discussed them with trial counsel during the months leading up to the guilty plea. The first two letters were dated in July 2008. These letters set forth various allegations about Spiker's wife, Spiker's military training, and his sleep issues. The last of the letters at issue was dated March 16, 2009. This letter consisted almost exclusively of a list of rehabilitation and therapy programs attended by Spiker. Spiker entered his guilty plea on May 27, 2009. At all relevant times, Spiker was free on bail. Spiker and trial counsel spoke regularly, throughout the pendency of the case. *See id*., at 6. It seems unlikely, given the nature of the letters and frequent contact between the parties, that the issues in the letters went unaddressed before the guilty plea. Therefore, we conclude that the PCRA court's findings are supported by the record, and its conclusions do not constitute an abuse of discretion.

Spiker also contends that trial counsel was ineffective for failing to hire a psychologist prior to the guilty plea. Spiker hired a psychologist on his own prior to trial. However, trial counsel reviewed the psychologist's report and concluded that it did not present any defenses to the charged conduct:

> I'm going to call your attention to the sixth paragraph from the bottom that is the last of the three page paragraphs: Mr. Spiker has not failed to accept responsibility for his own actions. He, for example, does not refute his daughter's allegations. … Although he reports to have had a blackout during and following the commission of his alleged offense, he accepts culpability for his behavior. Yes, I reviewed that.

*See id*., at 29. The PCRA court found trial counsel's testimony to credible and concluded that trial counsel's strategy was reasonable on this issue. We conclude that the trial court's findings of fact have a basis in the record, and that its conclusions do not constitute an abuse of discretion.

As we conclude that none of Spiker's issues on appeal merit relief, we affirm the PCRA court's order.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/5/2014