J-S03021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL BABISH | |
| Appellant | No. 1509 EDA 2014 |

Appeal from the PCRA Order April 9, 2014
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000574-2011
CP-45-CR-0001440-2011

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and OTT, J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 07, 2015**

Appellant, Michael Babish, appeals from the order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA").  In his petition, Babish alleged that his appointed counsel rendered ineffective assistance in preparation for his guilty plea, rendering the plea unknowing and involuntary.  After careful review, we affirm.

Babish was arrested after multiple firearms were found in or near his vehicle at the scene of an accident.  While hospitalized, Babish admitted to committing a series of burglaries.  The Commonwealth subsequently charged Babish with an assortment of crimes associated with five separate burglaries.

On March 7, 2012, Babish pled guilty pursuant to a negotiated plea agreement to one count of burglary and two counts of criminal trespass. Shortly thereafter, Babish withdrew his guilty plea indicating that he was having a conflict with his appointed counsel, the Monroe County Public Defender's Office. Babish's motion to appoint conflict counsel, filed by the public defender, was denied.

On July 5, 2012, Babish appeared for trial in this matter, represented by the public defender. After a colloquy, Babish again pled guilty to one count of burglary and two counts of criminal trespass. The trial court subsequently imposed a sentence of imprisonment of 117 months to 240 months.

On July 15, 2013, Babish filed a *pro se* PCRA petition. The PCRA court appointed counsel to represent Babish, and an amended petition was filed approximately a month later. After a hearing on the petition, the PCRA court dismissed Babish's amended PCRA petition on April 9, 2014. This timely appeal followed.

On appeal, Babish argues that the PCRA court erred in concluding that the public defender had rendered effective assistance of counsel to Babish in preparation for his guilty plea. Our standard of review of a PCRA court's denial of a petition for post-conviction relief is well-settled. We must examine whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. ***See***

*Commonwealth v. Hall*, 867 A.2d 619, 628 (Pa. Super. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *See Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). Our scope of review is limited by the parameters of the PCRA. *See Commonwealth v. Heilman*, 867 A.2d 542, 544 (Pa. Super. 2005).

To be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one of the errors listed in 42 Pa.Cons.Stat.Ann. § 9543(a)(2)(i)-(viii). *See Commonwealth v. Albrecht*, 720 A.2d 693, 698 (1998). Section 9543(a)(2) requires, *inter alia*,

> (2) That the conviction or sentence resulted from one or more of the following:
>
> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.
>
> (iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.Cons.Stat.Ann. § 9543(a)(2)(i)-(viii).

As noted, Babish argues that the public defender was ineffective in advising him to accept the negotiated plea agreement. In addressing Babish's claim of counsel's ineffectiveness, we turn to the following principles of law:

In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place … Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

***Commonwealth v. Johnson***, 868 A.2d 1278, 1281 (Pa. Super. 2005). Moreover, "[w]e presume counsel is effective and place upon Appellant the burden of proving otherwise." ***Commonwealth v. Springer***, 961 A.2d 1262, 1267-1268 (Pa. Super. 2008) (citation omitted). This Court will grant relief only if Appellant satisfies each of the three prongs necessary to prove counsel ineffective. ***See Commonwealth v. Natividad***, 938 A.2d 310, 322

(Pa. 2007). Thus, we may deny any ineffectiveness claim if "the evidence fails to meet a single one of these prongs." *Id*., at 321.

A claim of ineffectiveness in the context of a guilty plea may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea. *See Commonwealth v. Mendoza*, 730 A.2d 503, 505 (Pa. Super. 1999). "[A] defendant is bound by the statements which he makes during his plea colloquy." *Commonwealth v. Barnes*, 687 A.2d 1163, 1167 (Pa. 1997) (citations omitted). As a result, a defendant "may not assert grounds for withdrawing the plea that contradict statements made when he pled guilty." *Id*.; *Commonwealth v. Yeomans*, 24 A.3d 1044 (Pa. Super. 2011). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa. Super. 2007) (citation and internal quotation marks omitted).

Babish contends that he wished to challenge the voluntariness of his admission and the legality of the search and seizure of the firearms from his vehicle. This was the basis of his initial withdrawal of his guilty plea. Thus, Babish argues, the public defender's failure to file such motions prior to the guilty plea constituted ineffective assistance of counsel.

However, at the July 5 guilty plea, the trial court specifically addressed this issue during the oral colloquy.

THE COURT: I note Mr. Babish that you had previously entered a guilty plea in this matter and you withdrew your plea in front of another judge, Judge Williamson, prior to sentencing; is that correct?

MR. BABISH: Yes.

THE COURT: And it's my understanding in speaking with the attorneys that part of the problem you had was a communication issue or an issue you were having with your attorney at that time, Mr. Sayer, from the Public Defender's Office.

MR. BABISH: Correct.

THE COURT: So here we are again today. And the concern from the Commonwealth's perspective, and I think from my perspective as well, is that you are now – that issue has been resolved and you're satisfied with the representation that you have from Mr. Labar. I want to make sure of that.

MR. BABISH: Yes.

THE COURT: He's answered every question that you've had?

MR. BABISH: Yes, he has.

THE COURT: He has taken the time to talk to you?

MR. BABISH: Yes, he has.

THE COURT: Are you satisfied with his representation of you in this matter?

MR. BABISH: Yes, I am.

N.T., Guilty Plea Hearing, 7/5/12, at 8-9.

Thus, Babish admitted, on the record, that the problem he had with his initial guilty plea had been addressed. Furthermore, Babish admitted that plea counsel had answered every question and that he was satisfied with

counsel's actions. Accordingly, he cannot now contend that his sworn testimony was false on this issue. We therefore agree with the PCRA court that Babish cannot establish that a conflict with the public defender's office rendered his guilty plea unknowing and involuntary.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2015