COMMONWEALTH of Pennsylvania, Appellee,

v.

**Israel MENDOZA, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 26, 1998.

Filed April 20, 1999.

Israel Mendoza, appellant, pro se.

Rebecca L. Bell, Asst. Dist. Atty., Reading, for Commonwealth, appellee.

Before POPOVICH, J., STEVENS, J., and CERCONE, President Judge Emeritus.

STEVENS, J.:

¶ 1 This is an appeal from the order entered in the Court of Common Pleas of Berks County denying Appellant's petition under the Post–Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.[1] Herein, Appellant seeks withdrawal of his guilty plea on the basis that Appellant's guilty plea counsel was ineffective in advising Appellant that his federal and state sentences would run concurrently and that such ineffectiveness caused Appellant to enter an involuntary and unknowing plea.[2] We affirm.

---

1. Appellant is proceeding *pro se* in this matter.

2. When Appellant was sentenced by the court of common pleas, he was serving a federal sentence in a federal penitentiary. The trial court's sentencing order mandated that Appellant's state sentence would be "effective today [the day of sentencing]." Thus, the apparent intent of the trial court was that Appellant's state sentence would run concurrently to his federal sentence. However, case law reveals that, while the court of common

pleas may recommend that a state sentence run concurrently to a federal sentence, the court has no authority to so demand. The decision of whether a federal prison in which an appellant is serving his federal sentence may be designated as a place of state confinement is to be made by the Federal Bureau of Prisons. *Barden v. Keohane,* 921 F.2d 476 (3d. Cir.1990). Simply put, "neither the federal court nor the Bureau are bound in any way by the state court's direction that the state and federal sentences run concurrently." *Id.* at 477 n. 4 (citing U.S. Const. art. VI, cl.

¶ 2 The relevant facts and procedural history are as follows: On September 21, 1995, Appellant was charged with possession and possession with the intent to deliver marijuana. While in jail awaiting trial, Appellant attempted to escape from prison, and, therefore, on October 2, 1996, he was charged with criminal attempt to commit escape. On January 31, 1996, Appellant appeared before the court of common pleas and requested that his case be deferred until the federal district court sentenced him in an unrelated matter. The court of common pleas agreed, and, thus, Appellant's case was deferred until July 19, 1996, when, with the aid of an interpreter,[3] Appellant pled guilty to possession with the intent to deliver marijuana in exchange for the Commonwealth's promise to withdraw the remaining charges. On July 22, 1996, Appellant was sentenced to four to five years imprisonment. Appellant did not file post-sentence motions or a direct appeal. Rather, on June 11, 1997, Appellant filed a PCRA petition.[4] Michael D. Dautrich, Esquire, was appointed to represent Appellant, and, on November 6, 1997, Attorney Dautrich filed a petition to withdraw as counsel under *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988). On November 7, 1997, the lower court granted counsel's petition to withdraw and provided Appellant with notice of the court's intention to dismiss Appellant's PCRA petition without a hearing. Subsequently, Appellant's PCRA petition was denied without an evidentiary hearing, and, on December 22, 1997, Appellant filed a timely *pro se* appeal to this Court.[5]

¶ 3 "To be eligible for PCRA relief, Appellant must plead and prove by a preponderance of the evidence that his guilty plea was unlawfully induced where the circumstances made it likely the inducement caused [him] to plead guilty. Or, [Appellant] must prove ineffective assistance of counsel which caused an involuntary or unknowing plea." [6] *Commonwealth v. Young*, 695 A.2d 414, 416 (Pa.Super.1997) (citations omitted). To prevail on an ineffectiveness claim, Appellant must show that his underlying contention possesses arguable merit, that the course chosen by counsel had no reasonable basis designed to serve Appellant's interests, and that counsel's conduct prejudiced Appellant. *Commonwealth v. Neal*, 421 Pa.Super. 478, 618 A.2d 438 (1992). "Claims of ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea." *Commonwealth v. Yager*, 454 Pa.Super. 428, 685 A.2d 1000, 1003 (1996) (citation omitted). We specifically note that "[t]he

2). In this case, it is unclear whether the Bureau has designated the federal penitentiary as a place for state confinement, and, therefore, followed the trial court's indication that Appellant's state sentence should run concurrently to the federal sentence. However, for the sake of judicial economy, we shall assume that such a designation has not been made and that Appellant's sentences have not been made concurrent.

3. Appellant is an illegal immigrant whose native language is Spanish.

4. We note that Appellant's PCRA petition was filed within one year of the date his judgment became final. As such, his PCRA petition was filed in a timely manner. 42 Pa.C.S.A. § 9545(b).

5. Although inartfully drafted, Appellant's primary issue on appeal is that counsel was ineffective and that his ineffectiveness caused Appellant to enter an involuntary, unknowing plea. This issue has not been litigated previously, and, since counsel's ineffectiveness has been raised at the first appropriate opportunity, it has not been waived. *See Commonwealth v. Yager*, 454 Pa.Super. 428, 685 A.2d 1000 (1996).

6. "Since [Appellant] pleaded guilty, the truth determining process is not implicated under 42 Pa.C.S.A. § 9543(a)(2)(ii). Rather, his ineffectiveness claim in the context of an attack on the validity of the guilty plea falls under 42 Pa.C.S.A. § 9543(a)(2)(iii)." *Commonwealth v. Young*, 695 A.2d 414, 416 n. 3 (Pa.Super.1997).

law does not require that [A]ppellant be pleased with the outcome of his decision to enter a plea of guilty; All that is required is that [A]ppellant's decision to plead guilty be knowingly, voluntarily, and intelligently made." *Id.* at 1003 (quotation omitted).

■ ¶ 4 To determine the voluntariness of a guilty plea and whether a defendant acted knowingly and intelligently, the Comment to Pa.R.Crim.P. 319 mandates that a trial court inquire into six particular areas, including "Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?" This includes the requirement that a defendant not only be advised of the maximum punishment that he might receive, but also that consecutive sentences might be imposed. *Commonwealth v. Persinger*, 532 Pa. 317, 615 A.2d 1305 (1992).

¶ 5 Here, Appellant, his counsel, and an interpreter were present at the January 31, 1996 hearing before the court of common pleas. During the hearing, Appellant's counsel requested that Appellant's case be deferred until Appellant's federal sentence was imposed. Counsel informed the trial court that Appellant would be entering a guilty plea in exchange for the Commonwealth's withdrawal of certain charges. Appellant's counsel also informed the trial court that it was counsel's understanding that the Commonwealth would not oppose the imposition of concurrent sentences. N.T. 1/31/96 at 4. The trial court questioned Appellant's counsel and the district attorney as to whether Appellant's plea was open. The district attorney informed the court that Appellant's plea was open and that the trial court had "one hundred percent" discretion in sentencing Appellant. N.T. 1/31/96 at 4–5. Moreover, the district attorney informed the trial court that the Commonwealth was recommending that Appellant's state sentence be made concurrent to his federal sentence. N.T. 1/31/96 at 5. The following exchange occurred between the trial court and Appellant:

**COURT:** [S]o we want to be clear that this defendant is not misled in any way and I want to restate it on the record so that this defendant has, with the assistance of the interpreter, understands that this Court has now been told by your attorney, Appellant, that you will be before the Court at the end of April [7] and enter a guilty plea, an open plea to two counts involving the Controlled Substance Act of the Commonwealth of Pennsylvania, that the Commonwealth will recommend to the Court at that time that your sentence become effective at the end of April. That does not mean that the Court is bound by any recommendation, because it isn't. It is not a negotiated plea, I need you to understand that ... You understand that?

**APPELLANT:** Yes.

**COURT:** [T]his Court is under no obligation to make that effective, to run with the sentence that the Immigration Court is expected to sentence you to in April, do you understand that?

**APPELLANT:** Yes.

N.T. 1/31/96 at 6–7.

■ ¶ 6 From the notes of testimony, there is no evidence that Appellant's counsel informed Appellant that his sentences would definitely run concurrently if he pled guilty. Rather, in Appellant's presence, counsel informed the trial court that the district attorney would not oppose the imposition of a concurrent sentence. Counsel never indicated that concurrent sentences were part of a negotiated plea bargain or that the trial court was bound by any such agreement. Moreover, the trial court informed Appellant that any sentence which might be imposed could be consecutive since Appellant's plea was open and the trial court had "one hundred percent" discretion in sentencing Appel-

7. Although Appellant's case was originally scheduled for April 23, 1996, the case was continued until July 19, 1996.

lant. The trial court specifically told Appellant that it was not bound by any recommendation that Appellant's sentences run concurrently. It should be noted that all of the exchanges occurring during the hearing were translated to Appellant in his native language, Spanish.[8] As such, we conclude that Appellant was aware, prior to pleading guilty, that his sentences would not necessarily run concurrently, and, therefore, we cannot find that Appellant's counsel caused Appellant to enter an involuntary and unknowing plea.[9] Accordingly, Appellant is not entitled to PCRA relief on this basis.[10]

¶ 7 Order affirmed.

**8.** Appellant raises questions concerning the accuracy of the court-appointed interpreter's translations. Specifically, he contends that the interpreter intentionally misinterpreted the trial court's questions regarding concurrent sentences in order to induce Appellant into pleading guilty. Appellant's Brief at 10. We find that this issue has been waived. "[The] failure to petition to withdraw [the] plea, combined with the failure to pursue direct appeal will bar consideration of an attack on one's plea in collateral proceedings." *Young*, 695 A.2d at 416 n. 4. *See Commonwealth v. McGriff*, 432 Pa.Super. 467, 638 A.2d 1032 (1994) (holding that Appellant's allegation that his guilty plea was involuntarily entered was waived since he did not challenge the voluntariness of his plea in a motion to withdraw or on direct appeal). Unlike the issue discussed *supra*, this issue does not involve the ineffectiveness of counsel and, as such, it does not escape waiver.

**9.** We conclude that, in this case, it is irrelevant whether Appellant's sentence was not made concurrent due to the trial court's failure to do so or the Board's failure to do so. In either case, Appellant was told prior to pleading guilty that there was no guarantee that his sentences would run concurrently.

**10.** In his brief, Appellant also states the following: "Finally, Appellant believes that due to the above that his federally protected constitutional rights were violated and that he has a right to relief from this illegal sentence." Appellant's brief at 11. Appellant has cited no authority supporting this statement and has failed to develop it adequately in his brief. As such, it has been waived. Pa.R.A.P. 2119.