J-S58009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ADRIAN MARCUS PANNELL, | |
| Appellant | No. 42 MDA 2015 |

Appeal from the PCRA Order November 21, 2014
in the Court of Common Pleas of Luzerne County
Criminal Division at Nos.: CP-40-CR-0001906-2012
CP-40-CR-0001922-2012
CP-40-CR-0001924-2012
CP-40-CR-0001926-2012

BEFORE: GANTMAN, P.J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 16, 2015**

Appellant, Adrian Marcus Pannell, appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We take the following facts from the PCRA court's March 18, 2015 opinion and our independent review of the record. On November 4, 2013, Appellant pleaded guilty pursuant to a negotiated plea[1] to two counts each of delivery of heroin and criminal use of a communication facility, and one

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The written negotiated plea agreement stating Appellant's intention to plead guilty was filed on October 21, 2013.

count each of possession with intent to deliver cocaine and delivery of cocaine. On December 6, 2013, pursuant to the agreement, the PCRA court sentenced Appellant to a term of incarceration of not less than five nor more than ten years. The court noted that Appellant was not Recidivism Risk Reduction Incentive (RRRI) eligible. Appellant did not file a post-sentence motion or direct appeal.

On July 11, 2014, Appellant filed a *pro se* first PCRA petition. The trial court appointed counsel who filed a brief in support of Appellant's petition on October 29, 2014 that requested relief in the form of the guilty plea's withdrawal. On November 21, 2014, after a hearing, the PCRA court denied Appellant's petition and his request to withdraw the plea. Appellant timely appealed. Pursuant to the PCRA court's order, Appellant filed a timely Rule 1925(b) statement on February 3, 2015.[2] **See** Pa.R.A.P. 1925(b). The PCRA court filed an opinion on March 18, 2015. **See** Pa.R.A.P. 1925(a).

Appellant raises one issue for our review: "Whether [the PCRA court erred in finding that] trial counsel was [not] ineffective[?] (Appellant's Brief, at 1).[3] Specifically, he argues that "his trial counsel misled him to

_____

[2] On February 10, 2015, Appellant also filed a *pro se* Rule 1925(b) statement that the PCRA court declined to review because of the Pennsylvania Supreme Court's ban on hybrid representation. **See Commonwealth v. Jette**, 23 A.3d 1032, 1036 (Pa. 2011).

[3] We note that, generally, "failure to pursue direct appeal will bar consideration of an attack on one's plea in collateral proceedings."
*(Footnote Continued Next Page)*

- 2 -

understand that he is RRRI eligible, and that he would have received a reduced sentence accordingly." (*Id.* at 4). Appellant's issue lacks merit.

Our standard of review for an order denying PCRA relief is well-settled:

> This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. . . .

*Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citations, quotation marks, and brackets omitted).

> [T]o succeed on an ineffectiveness claim, a petitioner must demonstrate that: the underlying claim is of arguable merit; counsel had no reasonable basis for the act or omission in question; and he suffered prejudice as a result, *i.e.,* there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding.

*Commonwealth v. Laird*, 119 A.3d 972, 978 (Pa. 2015) (citations omitted). "[F]ailure to prove any of these prongs is sufficient to warrant dismissal of the claim without discussion of the other two."

*(Footnote Continued)* ────────────

*Commonwealth v. Mendoza*, 730 A.2d 503, 507 n.8 (Pa. Super. 1999) (citation and internal quotation marks omitted). However, because "this issue . . . involve[s] [a claim of] ineffectiveness of counsel . . . it . . . escape[s] waiver." *Id.*

*Commonwealth v. Robinson*, 877 A.2d 433, 439 (Pa. 2005) (citation omitted).

> [C]laims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea. . . . The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made.
>
> Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. A defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled.

*Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001) (citations omitted).

In this case, during the guilty plea hearing, Appellant stated that he understood it was the Commonwealth's burden to prove the claims against him beyond a reasonable doubt, and the statutory maximums he could receive if convicted. (*See* N.T. Guilty Plea Hearing, 11/04/13, at 6, 8). Appellant also agreed that he understood that nobody could force him to plead guilty, and that he had a right to request a trial. (*See id.* at 7-8). Appellant signed a written plea agreement. (*See id.* at 5; *see also* Plea Agreement, 10/21/13, at 1). The agreement identified the crimes to which Appellant was pleading guilty and their statutory maximums, and the

statement that he and the Commonwealth agreed to the sentence of not less than five nor more than ten years' incarceration. (*See* Plea Agreement, at 1). The agreement does not contain any reference to Appellant's RRRI eligibility. (*See id.*).

Appellant testified that he did not have "any difficulties reading, writing or understanding the English language[.]" (*See* N.T. Guilty Plea Hearing, at 5). He affirmed that he discussed his decision to plead guilty and the terms of the agreement with his counsel. (*See id.*).

At sentencing, Appellant again agreed that he was receiving a sentence of not less than five nor more than ten years' incarceration in return for his guilty plea. (*See* N.T. Sentencing, 12/06/13, at 2-3, 7). In fact, although he took the opportunity to address the court, and he inquired about restrictive intermediate punishment (RIP), Appellant did not mention RRRI eligibility.[4] (*See id.* at 6-8). After imposing Appellant's agreed-upon sentence, the court expressly stated that he was "not eligible for a RRRI minimum sentence." (*Id.* at 12). When Appellant inquired why he was not RRRI eligible, the court responded, "[t]he PSI indicates that he doesn't meet the eligible offender criteria because he had a prior assault conviction." (*Id.* at 13).

---

[4] Appellant only mentioned the possibility of restrictive intermediate punishment (RIP). (*See* N.T. Sentencing, at 8).

At the PCRA hearing, Appellant testified that plea counsel had told him that he was RRRI eligible. (**See** N.T. PCRA Hearing, 11/21/14, at 3). However, Appellant testified that he would have pleaded guilty pursuant to an open plea, even if he had known that he was not RRRI eligible. (**See id.** at 6). Additionally, he admitted that he signed the plea agreement that stated he and the Commonwealth agreed to a five to ten year term, and that the agreement did not contain anything about RRRI eligibility. (**See id.** at 7).

The PCRA court rendered its decision to deny the petition at the conclusion of the hearing. It explained that it had reviewed the entire record and that:

> It appears to the [c]ourt that [Appellant] entered into a guilty plea and a written plea colloquy at the time of his plea and that everyone was of the understanding that [Appellant's] aggregate sentence would be a sentence of five to ten years, which is, in fact, the sentence [Appellant] received. There didn't seem to be any mention of RRRI other than the fact that because of a prior assault conviction[,] [Appellant] is not eligible for a RRRI minimum sentence. So, the [c]ourt, obviously, did not have that option available at sentencing.

(**Id.** at 11-12).

Based on the record, we agree with the PCRA court that Appellant's argument that he pleaded guilty because counsel advised him he was RRRI eligible is contradicted by his statements during the guilty plea, sentencing, and PCRA hearings.

Accordingly, the PCRA court's findings are supported by the record and it did not err when it concluded that "[Appellant] receiv[ed] a sentence that he knowingly, voluntarily, and understandingly agreed to[.]" (PCRA Court Opinion, 3/18/15, at 5); *see also Rigg*, *supra* at 1084; *McCauley*, *supra* at 922. Therefore, Appellant's issue does not merit relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2015