J. S25013/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                        :            PENNSYLVANIA
                v.               :
                                         :
KAHLIL TAVARUS SHELTON,      :       No. 921 WDA 2015
                                       :
          Appellant     : 

Appeal from the PCRA Order, May 12, 2015,
in the Court of Common Pleas of Allegheny County
Criminal Division at Nos. CP-02-CR-0015251-2012,
CP-02-CR-0015499-2012

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED APRIL 4, 2016**

Kahlil Tavarus Shelton appeals from the order entered in the Court of Common Pleas of Allegheny County that dismissed his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  We affirm.

The PCRA court set forth the procedural history as follows:

> . . . On June 4, 2014, pursuant to a negotiated plea agreement, [appellant] pled guilty to two (2) separate criminal cases.  At the criminal information filed at CC# 2012-15499, he pled guilty to all charged counts, including (i) Firearms not to be Carried Without a License (Count One – 18 Pa.C.S.A. § 6106(a)(1)); (ii) Carrying a Loaded Weapon (Count Two – 18 Pa.C.S.A. § 6106.1(a)); (iii) Improper Sunscreening (Count Three – 75 Pa.C.S.A. § 4524(e)(1)); and (iv) Driving with a Suspended License (Count Four – 75 Pa.C.S.A. § 1543(b)(1)).[Footnote 1] (**See** Plea Transcript

("P.T."), 6/4/14, pp. 2-3). At the criminal information filed at CC# 2012-15251, the Commonwealth agreed to withdraw counts One (1), Two (2), and Six (6) in exchange for [appellant's] agreement to plead guilty to the following offenses: (i) Firearms not to be Carried Without a License (Count Three - 18 Pa.C.S.A. § 6106(a)(1)); (ii) Firearms not to be Carried Without a License (Count Four - 18 Pa.C.S.A. § 6106(a)(1)); (iii) Possession of a Firearm Prohibited (Count Five – 18 Pa.C.S.A. § 6105); (iv) Operating Vehicle with Unsafe Equipment (Count Seven – 75 Pa.C.S.A. § 4107(b)(2)); (v) Driving with a Suspended License (Count Eight – 75 Pa.C.S.A. § 1543(b)); (vi) Carrying a Loaded Weapon (Count Nine – 18 Pa.C.S.A. § 6106.1(a)); and (vii) Carrying a Loaded Weapon (Count Ten – 18 Pa.C.S.A. § 6106.1(a)).[Footnote 2] *See* (P.T., pp. 2-3).

> [Footnote 1] Count Five (5) of the information was dismissed at the preliminary hearing held on November 26, 2012.

> [Footnote 2] Counts Eleven (11) through Thirteen (13) of the information were dismissed at the preliminary hearing held on November 14, 2012.

Sentencing was deferred for ninety (90) days so that a Pre-sentence Investigation Report could be prepared. On September 3, 2014, this court conducted a sentencing hearing, at which time [appellant] was sentenced at each case to a period of incarceration of forty-two (42) to eighty-four (84) months, to be served concurrently. [Appellant] was given 347 days of time credit.[Footnote 3] At count four (4) at CC# 2012-15251, [appellant] was also ordered to serve a period of two (2) years of probation to run consecutive to his period of incarceration.

> [Footnote 3] Specifically, at the information filed at 2012-15499, the

court imposed a sentence of 42 to 84 months of incarceration at Count One (1); No Further Penalty at Counts Two (2) and Three (3); and 60 to 90 days of incarceration and a $500 fine at Count Four (4). This sentence was ordered to run concurrently with the sentence imposed at 2012-15251, which consisted of a 42 to 84 month term of incarceration at Count Three (3); a consecutive two (2) year term of probation at Count Four (4); 60 days of incarceration and a $500 fine at Count Eight (8); and No Further Penalty at Counts Five (5), Seven (7), Nine (9) and Ten (10).

On September 17, 2014, this court granted counsel's motion to withdraw from the case, and the Office of the Public Defender was appointed. On September 24, 2015, [appellant] filed an "Emergency Petition to Accept Post-Sentence Motion **Nunc Pro Tunc**," ("Emergency Petition"), arguing that such relief was necessary so that he could seek leave to "withdraw the guilty plea(s) and/or challenge the discretionary aspects of sentencing." (Emergency Petition, p. 7). On September 25, 2014, the court granted [appellant's] request to file a post-sentence motion **nunc pro tunc**, but no such motion was ever filed. [Appellant] also did not file a direct appeal from his judgment of sentence. Accordingly, [appellant's] conviction became final on October 3, 2014, when the 30-day window for filing a direct appeal had expired. **See Commonwealth v. Fowler**, 930 A.2d 586, 593 (Pa.Super. 2007).

On March 20, 2015, [appellant] filed a counseled PCRA Petition, alleging that he had received ineffective assistance of counsel in connection with his guilty plea. Specifically, [appellant] sought to withdraw his guilty plea on the grounds that his counsel, Patrick J. Thomassey, Esq. ("Counsel"), provided ineffective assistance by: (i) promising him a specific sentence of time served

in exchange for his guilty plea; (ii) failing to adequately consult with him regarding the case and the suppression issues involved; and (iii) failing to discuss his version of events and the possible defenses that could have been raised. (PCRA Petition, 3/20/15, pp. 7-12).

The Commonwealth filed its Answer to the PCRA Petition on March 25, 2015. Given the nature of the allegations involved, an evidentiary hearing on the petition was held on April 17, 2015. Both [appellant] and Counsel testified at the hearing. After considering the testimony and arguments presented, this court denied [appellant's] request for relief from the bench. *See* (PCRA Hearing Transcript ("HT"), 4/17/15, pp. 32-33). On May 12, 2015, this court issued a formal order denying the PCRA petition.[Footnote 4]

[Footnote 4] The court notes that it initially issued an order denying PCRA relief on April 29, 2015. That order, however, was facially defective as it inadvertently failed to advise [appellant] of his appellate rights. Accordingly, the court issued a subsequent order on May 12, 2015, advising [appellant] of his appellate rights.

On June 11, 2015, [appellant] filed his Notice of Appeal. [Appellant] subsequently filed a timely "Concise Statement of Errors Complained of on Appeal" . . . .

PCRA court opinion, 10/9/15 at 1-4.

Appellant raises the following issue for our review:

I. DID THE PCRA COURT ERR IN DENYING [APPELLANT'S] PCRA PETITION WHEN TRIAL COUNSEL IMPROPERLY INDUCED [APPELLANT'S] GUILTY PLEA THROUGH AN UNSUBSTANTIATED WARNING BY TRIAL COUNSEL, FIRST GIVEN ON THE DAY OF

- 4 -

TRIAL, OF PROBABLE FEDERAL PROSECUTION
ON THE SAME CHARGES IF [APPELLANT] DID
NOT PLEAD GUILTY?

Appellant's brief at 4.

In PCRA appeals, our scope of review "is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." *Commonwealth v. Sam*, 952 A.2d 565, 573 (Pa. 2008) (internal quotation omitted). Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. *Commonwealth v. Pitts*, 981 A.2d 875, 878 (Pa. 2009). We defer to the PCRA court's factual findings and credibility determinations supported by the record. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa.Super. 2014) (*en banc*). In contrast, we review the PCRA court's legal conclusions *de novo*. *Id.*

Appellant's issue asserts ineffective assistance of plea counsel.

> In evaluating claims of ineffective assistance of counsel, we presume that counsel is effective. *Commonwealth v. Rollins*, 558 Pa. 532, 738 A.2d 435, 441 (Pa. 1999). To overcome this presumption, Appellant must establish three factors. First, that the underlying claim has arguable merit. *See Commonwealth v. Travaglia*, 541 Pa. 108, 661 A.2d 352, 356 (Pa. 1995). Second, that counsel had no reasonable basis for his action or inaction. *Id.* In determining whether counsel's action was reasonable, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. *See Rollins*, 738 A.2d at 441; *Commonwealth v. (Charles) Pierce*, 515 Pa. 153,

> 527 A.2d 973, 975 (Pa. 1987). Finally, "Appellant must establish that he has been prejudiced by counsel's ineffectiveness; in order to meet this burden, he must show that 'but for the act or omission in question, the outcome of the proceedings would have been different.'" ***See Rollins***, 738 A.2d at 441 (quoting ***Travaglia***, 661 A.2d at 357). A claim of ineffectiveness may be denied by a showing that the petitioner's evidence fails to meet any of these prongs. ***Commonwealth v. (Michael) Pierce***, 567 Pa. 186, 786 A.2d 203, 221-22 (Pa. 2001); ***Commonwealth v. Basemore***, 560 Pa. 258, 744 A.2d 717, 738 n.23 (Pa. 2000); ***Commonwealth v. Albrecht***, 554 Pa. 31, 720 A.2d 693, 701 (Pa. 1998).

***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007).

In the context of a guilty plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea. ***See Commonwealth v. Mendoza***, 730 A.2d 503, 505 (Pa.Super. 1999). "[A] defendant is bound by the statements which he makes during his plea colloquy." ***Commonwealth v. Barnes***, 687 A.2d 1163, 1167 (Pa. 1997) (citations omitted). As such, a defendant "may not assert grounds for withdrawing the plea that contradict statements made when he pled guilty." ***Id.*** (citation omitted). Where the defendant enters a plea on the advice of counsel, the voluntariness of that plea depends on whether counsel's advice fell within the range of competence demanded of attorneys in criminal cases. ***Commonwealth v. Moser***, 921 A.2d 526, 531 (Pa.Super. 2007) (citation omitted).

Here, the record belies appellant's claim that he pled guilty involuntarily because Attorney Thomassey induced his plea. The record reflects that Attorney Thomassey advised appellant to plead guilty in order to avoid the risk of a substantially longer sentence in federal court.

The PCRA court summarized Attorney Thomassey's testimony on this issue as follows:

> . . . Counsel explained that he was informed by law enforcement officers that his client had been picked up on a federal wiretap and that there was potential for a federal indictment. [Notes of testimony, 6/4/14 at 7-8.] Counsel explained that he advised [appellant] to plead guilty in state court because [appellant] would most likely serve "significantly less time" for a state court conviction, and that, in his 40 years of practicing law, he has never had a client indicted in federal court if the client first pled guilty in state court. [*Id.* at 12-13.] While Counsel certainly recognized that a defendant may still be subject to a federal indictment regardless of a state court plea, he explained that "from a practitioner's point of view, if the Fed[s] are thinking about indicting your client, you get them in here and get rid of the case." [*Id.* at 13.]

PCRA court opinion, 10/9/15 at 13-14.

Because it was well within the range of competence for counsel to have advised appellant to plead guilty in state court in order to avoid the likely risk of a substantially longer sentence in federal court, appellant's ineffectiveness claim necessarily fails.

Moreover, we note that the record demonstrates that appellant read, completed, and signed an extensive written guilty plea form which is part of

the record. (Docket #8; notes of testimony, 6/4/14 at 9.) On that form, appellant affirmed, in writing, among other things, that (i) he fully understood that his plea must be voluntary and his rights must be voluntarily, knowingly, and intelligently waived; (ii) no one forced him to enter the plea and that he did so of his own free will; (iii) no threats were made to him to enter his plea; and (iv) no one, including his attorney, promised him anything in exchange for the guilty plea other than the terms of the plea bargain. (Docket #8.)

Finally, during an on-the-record oral examination at the time appellant pled guilty, the following exchange occurred:

> THE COURT: Sir, has anybody, forced, threatened or coerced you in any way to make your guilty plea here today?
>
> [APPELLANT]: No, ma'am.
>
> THE COURT: Has anyone promised you anything to make this plea, sir, with the exception of the offer extended by the Commonwealth?
>
> [APPELLANT]: No, ma'am.
>
> . . . .
>
> THE COURT: Sir, you completed for me the Guilty Plea Explanation of Defendant's Rights Form; is that correct[?]
>
> [APPELLANT]: Yes, ma'am.
>
> THE COURT: Sir, did you complete that form with the advice, assistance and supervision of your attorney?

[APPELLANT]: Yes, ma'am.

THE COURT: Did you, sir, answer all of the questions in this form truthfully and honestly?

[APPELLANT]: Yes, ma'am.

Notes of testimony, 6/4/14 at 5, 8.

Appellant cannot recant the representations he made in court when he entered his guilty plea. *See Barnes*, 687 A.2d at 1167. Additionally, the law does not require that appellant be pleased with the outcome of his decision to plead guilty. All that is required is that appellant's decision to plead guilty be made knowingly, voluntarily and intelligently. *See Moser*, 921 A.2d at 528-529. Therefore, in viewing the evidence in the light most favorable to the Commonwealth, we conclude that appellant has failed to establish that plea counsel was ineffective because the record supports the PCRA court's conclusion that appellant made his plea voluntarily, knowingly, and intelligently on the sound advice of counsel.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/2016

- 9 -