J. S73012/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                              :        PENNSYLVANIA
                  v.          :
                              :
LEONARD JAMES FORBES,         :        No. 1951 WDA 2015
                              :
              Appellant       :


Appeal from the PCRA Order, November 13, 2015,
in the Court of Common Pleas of Bedford County
Criminal Division at Nos. CP-05-CR-0000307-2013,
CP-05-CR-0000315-2013


BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS AND JENKINS, JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 31, 2016**

Leonard James Forbes appeals from the November 13, 2015 order

entered in the Court of Common Pleas of Bedford County that dismissed his

petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A.

§§ 9541-9546 ("PCRA").  We affirm.

The PCRA court set forth the following:

> On October 29, 2013, [appellant] pled no contest to
> two counts of Burglary and two counts of Terroristic
> Threats,[1] in exchange for a firm bargain of 5 to
> 10 years to be served in State Prison.  We sentenced
> [appellant] on the same day of entering his plea.
> Nearly a year later, through appointed counsel,
> [appellant] filed an *Amended Petition for Post
> Conviction Collateral Relief*.  In his petition,
> [appellant] advanced the claim that trial counsel was
> ineffective and that [appellant] was prejudiced by

---

[1] 18 Pa.C.S.A. §§ 3502(a)(1) and 2706(a)(1)(ii), respectively.

such ineffectiveness in that his plea was not voluntary, intelligent, and knowing. We held evidentiary hearings on May 11, 2015 and July 2, 2015 and September 3, 2015. On November 13, 2015, we denied [appellant's] petition in its entirety. This appeal follows.

PCRA court opinion, 2/5/16 at 1 (italics in original).

Appellant raises the following issues for our review:

A. Whether or not the [PCRA] Court erred in finding that the record did not establish beyond a preponderance of the evidence that [appellant] received inaccurate advice that prejudiced him and made his plea unknowing, misinformed, and involuntary[?]

B. Whether or not the record clearly established that [appellant] should be allowed to withdraw his plea because the record demonstrates that he did not understand the facts and circumstances surrounding his case to such a deep extent and was so confused regarding Counsel's advice that his plea could not have been knowingly, intelligently, and voluntarily given[?]

Appellant's brief at 5.

In PCRA appeals, our scope of review "is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." *Commonwealth v. Sam*, 952 A.2d 565, 573 (Pa. 2008) (internal quotation omitted). Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. *Commonwealth v. Pitts*, 981 A.2d 875, 878 (Pa. 2009). We defer to the PCRA court's factual findings and

credibility determinations supported by the record. ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa.Super. 2014) (***en banc***). In contrast, we review the PCRA court's legal conclusions ***de novo***. ***Id.***

Here, appellant asserts ineffective assistance of plea counsel.

> In evaluating claims of ineffective assistance of counsel, we presume that counsel is effective. ***Commonwealth v. Rollins***, 558 Pa. 532, 738 A.2d 435, 441 (Pa. 1999). To overcome this presumption, Appellant must establish three factors. First, that the underlying claim has arguable merit. ***See Commonwealth v. Travaglia***, 541 Pa. 108, 661 A.2d 352, 356 (Pa. 1995). Second, that counsel had no reasonable basis for his action or inaction. ***Id.*** In determining whether counsel's action was reasonable, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. ***See Rollins***, 738 A.2d at 441; ***Commonwealth v. (Charles) Pierce***, 515 Pa. 153, 527 A.2d 973, 975 (Pa. 1987). Finally, "Appellant must establish that he has been prejudiced by counsel's ineffectiveness; in order to meet this burden, he must show that 'but for the act or omission in question, the outcome of the proceedings would have been different.'" ***See Rollins***, 738 A.2d at 441 (quoting ***Travaglia***, 661 A.2d at 357). A claim of ineffectiveness may be denied by a showing that the petitioner's evidence fails to meet any of these prongs. ***Commonwealth v. (Michael) Pierce***, 567 Pa. 186, 786 A.2d 203, 221-22 (Pa. 2001); ***Commonwealth v. Basemore***, 560 Pa. 258, 744 A.2d 717, 738 n.23 (Pa. 2000); ***Commonwealth v. Albrecht***, 554 Pa. 31, 720 A.2d 693, 701 (Pa. 1998) ("If it is clear that Appellant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met.").

***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007).

In the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea. ***See Commonwealth v. Mendoza***, 730 A.2d 503, 505 (Pa.Super. 1999). "[A] defendant is bound by the statements which he makes during his plea colloquy." ***Commonwealth v. Barnes***, 687 A.2d 1163, 1167 (Pa. 1997) (citations omitted). As such, a defendant may not assert grounds for withdrawing the plea that contradict statements made when he entered the plea. ***Id.*** (citation omitted).

Here, both of appellant's issues challenge the PCRA court's credibility determinations. Specifically, appellant complains that his testimony at the PCRA evidentiary hearing established that his plea was unknowing and involuntary. Where the record supports the PCRA court's credibility determinations and factual findings, however, we defer to the PCRA court. ***See Henkel***, 90 A.3d at 20.

In this case, the PCRA court determined that plea counsel testified clearly and credibly and that appellant entered his no-contest plea knowingly and voluntarily. Our careful review of the record reveals that plea counsel testified that he fully informed appellant of the defense theory that counsel would have advanced at trial, but that he also informed appellant that the jury would ultimately decide the case. (Notes of testimony, 9/3/15 at 16.) Counsel also testified that he explained to appellant that just because

appellant had some evidence that supported the proposed defense, he would not "automatically win." (***Id.*** at 16-17.) Counsel further testified that he explained to appellant that "[t]here were some bad facts," including the likelihood of appellant's daughter, an eyewitness, testifying against him. (***Id.*** at 17.) The record also reflects that plea counsel explained the difference between a guilty plea and a no-contest plea to appellant and because appellant did not want to admit guilt or have his daughter testify against him at trial, appellant chose to plead no contest. (***Id.*** at 24-26.)

Additionally, we note that the record demonstrates that appellant executed a plea agreement prior to sentencing. (Plea agreement, 10/29/13; Docket #30.) The on-the-record oral sentencing colloquy demonstrates that appellant acknowledged the terms of the plea agreement and acknowledged that he signed and understood his written plea colloquy. (Notes of testimony, 10/29/13 at 4-6). The following exchange then took place:

> [THE COURT]: And do you understand you have an absolute right to proceed to trial here today; you don't have to plead guilty to anything?
>
> [APPELLANT]: Yes, sir.
>
> [THE COURT]: Is it your own decision and your decision alone to plead guilty -- or no contest, I'm sorry?
>
> [APPELLANT]: Yes.
>
> . . . .

> THE COURT: Okay, now do you have any questions about the Plea Agreement or your rights before we go any further?
>
> [APPELLANT]: No, sir.

Notes of testimony, 10/29/13 at 8-9.

Appellant cannot recant the representations he made in court when he entered his plea. *See Barnes*, 687 A.2d at 1167. Additionally, the law does not require that appellant be pleased with the outcome of his decision to plead guilty. All that is required is that appellant's decision to enter his plea be made knowingly, voluntarily and intelligently. *See Moser*, 921 A.2d at 528-529. Therefore, in viewing the evidence in the light most favorable to the Commonwealth, we conclude that appellant has failed to establish that plea counsel was ineffective because the record supports the PCRA court's conclusion that appellant entered his plea voluntarily, knowingly, and intelligently.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2016

- 6 -