J-S69020-19 & J-S69021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
:         PENNSYLVANIA
:
v.             :
:
:
JAMES EDWARD SULLIVAN      :
:
Appellant      :   No. 1611 EDA 2019

Appeal from the PCRA Order Entered May 1, 2019
n the Court of Common Pleas of Wayne County,
Criminal Division at No(s):  CP-64-CR-0000307-2016,
CP-64-CR-0000314-2016.

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
:         PENNSYLVANIA
:
v.             :
:
:
JAMES EDWARD SULLIVAN      :
:
Appellant      :   No. 1613 EDA 2019

Appeal from the PCRA Order Entered May 1, 2019,
in the Court of Common Pleas of Wayne County,
Criminal Division at No(s):  CP-64-CR-0000307-2016,
CP-64-CR-0000314-2016.

BEFORE:   SHOGAN, J., KUNSELMAN, J., and COLINS, J.[*]

_____

[*] Retired Senior Judge assigned to the Superior Court.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED AUGUST 11, 2020**

James Edward Sullivan appeals *pro se* from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The pertinent facts and procedural history are as follows. On October 13, 2016, Sullivan entered a guilty plea at two different dockets. At CP-64-CR-0000307-2016, Sullivan pled guilty to one count each of possession with intent to deliver, criminal trespass, possessing an instrument of crime, and resisting arrest. At CP-64-CR-0000314-2016, Sullivan pled guilty to one count of conspiracy to commit theft. Pursuant to the plea agreement, the Commonwealth withdrew all additional charges. On November 3, 2016, the trial court sentenced Sullivan, at both dockets, to an aggregate term of 75 to 168 months of imprisonment. The trial court denied Sullivan's timely filed post-sentence motion to modify sentence. Sullivan filed a timely appeal to this Court in which he challenged the discretionary aspects of his sentence. In an unpublished memorandum filed on August 25, 2017, we rejected Sullivan's claim and affirmed his judgment of sentence. **Commonwealth v. Sullivan**, 175 A.3d 1114 (Pa. Super. 2017). Sullivan did not file a petition for allowance of appeal to our Supreme Court.

On February 12, 2018, Sullivan filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, and PCRA counsel filed a motion to withdraw and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988)

(*en banc*).  On April 1, 2019, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Sullivan's petition without a hearing, and granted PCRA counsel's motion to withdraw.  Sullivan filed a response.  By order entered May 1, 2019, the PCRA court dismissed Sullivan's PCRA petition.  This *pro se* appeal followed.[1]  Both Sullivan and the PCRA court have complied with Pa.R.A.P. 1925.

In his appeal, Sullivan contends that the PCRA court erred in dismissing his PCRA petition.  **See** Sullivan's Brief at 2.  Our scope and standard of review is well settled:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party.  Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

**Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted).

---

[1] Although Sullivan included both trial court docket numbers on his separate notices of appeal, this fact no longer requires quashal.  **See Commonwealth v Johnson**, ____ A.3d ____, ____ (Pa. Super. 2020) (*en banc*), Slip Opinion at 12 (partially overruling **Commonwealth v. Creese**, 216 A.3d 1142 (Pa. Super. 2019), to the extent that **Creese** interpreted **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), as requiring Superior Court to quash appeals when appellant filed multiple notices of appeal and each notice lists all of the appealed from docket numbers).  **See also Commonwealth v. Larkin**, ____ A.3d ____, ____ (Pa. Super. 2020), Slip Opinion at 3 (accord).

In support of his claim that the PCRA court erred in dismissing his petition, Sullivan contends that the PCRA court erred "in finding that [his] PCRA claim that [plea counsel] rendered ineffective assistance of counsel for inducing [him] into entering a negotiated guilty plea based upon the false promise of concurrent sentencing was without merit." *Id.* In addition, Sullivan argues that the PCRA court erred "in finding that [his] PCRA claim that [plea counsel] rendered ineffective assistance of counsel for failing to raise the issue of [his] negotiated plea colloquy not being honored on direct [appeal was] without merit." *Id.* at 6.[2]

Sullivan's claims allege the ineffective assistance of plea counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her

---

[2] Sullivan also claims that the PCRA court erred in concluding that PCRA counsel's "no-merit" letter met the criteria of *Turner*/*Finley* since counsel did not address his second claim of ineffectiveness. Sullivan's Brief at 5. As explained *infra*, because Sullivan did not raise this issue in his PCRA petition, PCRA counsel cannot be faulted for failing to address it.

action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. ***Id.*** at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.***

Initially, upon review of Sullivan's *pro se* PCRA petition, we note that Sullivan did not challenge plea counsel's ineffectiveness for failing to appeal the claim that his plea deal was not honored. Therefore, because Sullivan's claim inappropriately is being raised for the first time on appeal, it is waived. ***See generally***, Pa.R.A.P. 302(a). Thus, the only claim preserved for review involves the PCRA court's rejection of Sullivan's claim that plea counsel was ineffective for inducing him to enter an invalid plea.

This Court has summarized the following regarding claims that the entry of a guilty plea was the result of ineffective assistance of counsel:

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance caused the defendant to enter an involuntary plea[.]

> We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

***Commonwealth v. Orlando***, 156 A.3d 1274, 1280 (Pa. Super. 2017) (citations omitted).

In this case, the PCRA court reviewed Sullivan's answers to questions posed in the written guilty plea colloquy he signed, as well as his responses during the oral colloquy with the court. As part of this review, the PCRA court explained:

> Most importantly to the current matter at hand in [Sullivan's] PCRA [petition], the District Attorney asked "You understand that it is up to the Judge as to whether or not he sentences you consecutively or non-consecutively?" to which [Sullivan] again answered "Yes". [Sullivan] had ample opportunity to address this Court and at no point did he raise any issues or objections with his belief that the District Attorney was not honoring his negotiated plea agreement and that he wanted to withdraw it.
>
> Whether a defendant understood a plea of guilty and its consequences is to be determined by examining the totality of the circumstances. *Commonwealth v. Mendoza*, 730 A.2d 503 (Pa. Super. 1999). This Court recognizes that the totality of the circumstances [in this case] reflects a clear and thorough understanding of the consequences and outcomes of [Sullivan's] guilty plea. [Sullivan] read, initialed, and signed an elven (11) page written guilty plea colloquy. Additionally, [Sullivan] engaged in an extensive oral colloquy of the agreement which was conducted by both the District Attorney and this Court. [Sullivan] understood the charges to which he was pleading guilty as well as the possible sentence for these charges. [Sullivan] understood that the plea was considered an open plea and that while the District Attorney was not specifically seeking a consecutive sentence, it was within this Court's discretion whether to issue a concurrent or consecutive sentence.

PCRA Court Opinion, 4/1/19, at 6. Our review of the record supports the PCRA court's conclusions.

As this Court has summarized:

> Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.
>
> ***
>
> The long standing rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.
>
> ***
>
> [A] defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

***Commonwealth v. Pollard***, 832 A.2d 517, 523-24 (Pa. Super. 2003) (citations omitted).

Here, as noted by the PCRA court, Sullivan responded that he understood that the trial court would decide whether to impose his sentences either consecutively or concurrently. ***See*** N.T., 10/13/16, at 9-10. In addition, within the written guilty plea signed by Sullivan, he acknowledged that the only promise made to him in return for his guilty plea was that the District Attorney would not seek consecutive sentences. Written Guilty Plea, 10/13/16, at unnumbered 3.

The fact that there was no guarantee Sullivan would receive concurrent sentences is further evidenced by the statements of the parties when the trial

court sentenced Sullivan. At that time, the District Attorney reminded the court that "there was an agreement between [plea] counsel and myself that I would not personally request consecutive sentences in this case. However, that it would be under the discretion, full discretion of the Court, and I honored that agreement." N.T., 11/3/16, at 4. For his part, plea counsel informed the court that he believed the probation department's recommendation of wholly consecutive sentence was excessive, and plea counsel therefore asked the trial court "to consider making some of the sentences concurrent." N.T., 11/3/16, at 7. Thus, contrary to Sullivan's current claim, there was no agreement between the parties and the court that Sullivan's sentences would be imposed concurrently.

In sum, because our review of the record supports the PCRA court's conclusion that Sullivan's ineffectiveness claims lack arguable merit or are waived, the court properly denied his PCRA petition. We therefore affirm its order denying Sullivan post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2020