J-S34038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GLENN A. LEVTZOW | : | |
| | : | |
| Appellant | : | No. 1504 WDA 2021 |

Appeal from the PCRA Order Entered November 16, 2021
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0002443-2018

BEFORE: DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:         **FILED: OCTOBER 21, 2022**

Glenn A. Levtzow (Levtzow) appeals an order of the Court of Common Pleas of Westmoreland County (PCRA court) denying his petition for post-conviction relief. In 2019, Levtzow pleaded guilty to one count each of drug delivery resulting in death (18 Pa.C.S. § 2506(a)), endangering the welfare of children (18 Pa.C.S. § 4304(a)(1)), and flight to avoid apprehension (18 Pa.C.S. § 5126(a)). He was sentenced to an aggregate prison term of 7 to 14 years. Levtzow has filed a petition pursuant to the Post-Conviction Relief Act (PCRA) 42 Pa.C.S. §§ 9541-9546, asserting that his plea should be vacated because it resulted from counsel's ineffectiveness. We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

## I.

The underlying criminal case in this matter involved the fatal overdose of Ryan Powell in 2017. According to several witness statements documented in the probable cause affidavits, Levtzow acted as an intermediary between Powell and a third-party drug dealer. A post-mortem toxicology report established that the substance Levtzow had delivered to Powell or given to him caused his death. Levtzow was apprehended by police later that day when they observed him sitting in the driver's seat of his parked car, visibly intoxicated in the company of his two minor children who were his passengers.

At a plea hearing held on December 2, 2019, Levtzow was informed of the rights he would be relinquishing as a result of a plea, including the right to a jury trial. During his colloquy, Levtzow stated that he had not been promised or guaranteed any specific sentence in exchange for a guilty plea as to the above-referenced charges. Rather, he stated that he was only pleading guilty because he had committed the charged crimes, and that the plea was in his best interest. Levtzow did, however, express concern over being "railroaded" at a trial and also stated that he felt pressure to enter a plea so that his girlfriend would receive favorable treatment in her own pending case.

As to counsel's representation, Levtzow indicated that he was completely satisfied, that she had done everything he had asked her to do on his behalf, and that he had no questions for her or the trial court. Levtzow

was then sentenced to an aggregate prison term of 7 to 14 years,[1] and he was advised by the trial court of his post-trial and appellate rights.

Levtzow did not file a direct appeal. Rather, he filed a timely *pro se* PCRA petition several months later alleging ineffective assistance of counsel and an involuntary guilty plea. The PCRA court appointed counsel, who then filed an amended PCRA petition. A hearing was held on the post-conviction claims and Levtzow presented evidence concerning the circumstances of his guilty plea.

Levtzow testified that his prior counsel had influenced him to plead guilty by convincing him that it would be in his best interest despite being innocent of the charges. Levtzow also recounted his belief that he would receive a sentence of 4.5 to 9 years after pleading guilty. Yet Levtzow admitted that the trial court, prior to entry of the plea, had advised him that no particular sentence would be guaranteed upon the entry of a plea. Further, Levtzow testified as to his concern that the mother of his children would be incarcerated unless he agreed to enter a guilty plea.

Levtzow testified that at some point between his guilty plea hearing and sentencing hearing, he contacted his trial counsel expressing a desire to

---

[1] As to the count of drug delivery resulting in death, Levtzow was sentenced to a prison term of 7 to 14 years. As to the count of child endangerment, he was sentenced to a concurrent term of 2 to 4 years. On the final count, flight to avoid apprehension, he was sentenced to a concurrent prison term of 1 to 2 years.

withdraw his guilty plea, but he admitted that at no point during either the guilty plea hearing or the sentencing hearing did he tell the trial court that he was unhappy with her representation of him.

Levtzow admitted that he wrote a letter to the trial court over five months after his guilty plea, which stated: "The only reason I took the guilty plea is because [the prosecutor] was using my fiancée . . . and possibly my kids being put into the system against me if I had stayed on trial." Levtzow admitted that the letter did not indicate that his trial counsel had in any way induced him to plead guilty.

Levtzow's trial counsel testified at the evidentiary hearing that she represented him during a period beginning shortly after his arrest and concluding after his sentencing. Throughout that time, according to counsel, Levtzow maintained his innocence and wanted to present his case to the jury. It was only just prior to the scheduled trial date that he changed his mind due to the possibility of a substantially mitigated sentence.

Trial counsel testified that in consideration of Levtzow's success in recovery and his abstinence from drug use while he had been at large, the trial court had suggested that Levtzow could possibly be sentenced to a total prison term of 4 to 9.5 years if he were able to maintain sobriety between the date of the scheduled trial and the date of sentencing, January 4, 2020. That is, the possibility of such a sentence was contingent on Levtzow continuing to remain sober until that later date.

Levtzow was unable to satisfy this condition for the reduced sentence. In fact, he relapsed and failed to appear at court for sentencing. He was soon taken into custody, and a sentencing hearing was held on January 31, 2020. He was sentenced to a total term of 7 to 14 years instead of the more lenient sentence previously discussed by the parties.

At the conclusion of the PCRA hearing, the PCRA Court ruled that there was no basis to find that counsel had induced Levtzow's guilty plea. Levtzow's PCRA petition was denied, and in this appeal, Levtzow raises a single issue:

> Whether the [PCRA] court erred when it made a ruling that defense counsel did not induce [Levtzow] to plead guilty to the drug delivery resulting in death charge[,] and [Levtzow] is innocent of the charge, rendering past counsel ineffective[.]

Appellant's Brief, at 7 (suggested answer omitted).

## II.

Levtzow's claims implicate the effectiveness of his trial counsel and the voluntariness of his plea, and both grounds are cognizable under the PCRA. Under Pa.C.S. § 9543(a)(2)(ii), the petitioner must prove ineffective assistance of counsel which, "in the circumstances of a particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Under 42 Pa.C.S. § 9543(a)(2)(iii), a petitioner "must plead and prove by a preponderance of the evidence that his guilty plea was unlawfully induced where the circumstances made it likely the inducement cause him to plead guilty." **See generally Commonwealth v. Young**, 695 A.2d 414, n.3 (Pa. Super. 1997).

In the context of a claim that counsel's ineffectiveness resulted in an involuntary plea, a petitioner must:

> show that his underlying contention possesses arguable merit, that the course chosen by counsel had no reasonable basis designed to serve Appellant's interests, and that counsel's conduct prejudiced Appellant. Claims of ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea. [The Superior Court] specifically note[s] that the law does not require that Appellant be pleased with the outcome of his decision to enter a plea of guilty; all that is required is that Appellant's decision to plead guilty be knowingly, voluntarily, and intelligently made.

*Commonwealth v. Mendoza*, 730 A.2d 503, 505-06 (Pa. Super. 1999) (internal citations and quotations omitted) (emphasis added).

An order denying PCRA relief is reviewed under an abused of discretion standard and will be upheld if the PCRA court's findings are supported by the record. *See Commonwealth v. Hawkins*, 894 A.2d 716, 722 (Pa. 2006). An abuse of discretion occurs where the record shows that the PCRA court's ruling was manifestly unreasonable or the result of partiality, prejudice or ill-will. *See Commonwealth v. Griffin*, 804 A.2d 7 (Pa. Super. 2002).

In the present case, the record does not support Levtzow's contention that his counsel's ineffectiveness caused him to enter a guilty plea involuntarily. As the trial court explained in its opinion:

> Trial counsel completed and reviewed a Guilty Plea Petition with [Levtzow]. [The trial court] also conducted a verbal colloquy on the record to ensure that [Levtzow's] plea was entered knowingly, intelligently, and voluntarily. Nothing in the record or in [Levtzow's] submissions demonstrate anything to the contrary. In the Guilty Plea Petition, [Levtzow] indicated that he can read, write, and understand the English Language. [Levtzow] stated

that his physical and mental health was presently satisfactory. Further, [Levtzow] indicated that he was pleading guilty for the reason that, "I believe there is a risk that I would be convicted [at] trial." [Levtzow] signed the Guilty Plea Petition.

After apprising [Levtzow] of the nature of the charges, indicating what the Commonwealth would have to prove at trial at each count, and informing him of the maximum penalties at each count, [Levtzow] pled guilty to [all three counts, including Drug Delivery Resulting in Death]. When asked whether any threats or promises have been made in exchange for his guilty plea, [Levtzow] responded, "No, sir." When asked why he was pleading guilty, [Levtzow] replied, "I think it would be in my best interest. Honestly, if I go to trial, I might get railroaded."

When asked if he was satisfied by [trial] counsel's representation of him so far, [Levtzow] indicated, "Absolutely." When asked by the [trial court] whether there was anything that he asked trial counsel to do on his behalf concerning the charges that she hasn't done for him, [Levtzow] testified, "No, sir." [Levtzow] did not have any questions for trial counsel or the [trial court] at that time. When asked by the [trial court] whether [Levtzow] understood that he was entering a general plea, which meant that he was asking the [trial court] to decide what sentence to impose after a presentence investigation is conducted, he indicated, "Yes, sir."" When asked whether trial counsel had any discussion with him and told him that he was guaranteed a specific sentence by the [trial court], [Levtzow] responded, "No, sir."

PCRA Court Opinion, 1/26/2022, at 6 (citations omitted).[2]

Levtzow's statements expressing his satisfaction with trial counsel's representation, as well as his understanding of the terms of the plea, are binding. *See Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa. Super. 1999). The binding nature of those statements now preclude Levtzow

---

[2] The PCRA court also found the testimony of Levtzow's trial counsel to be credible. *See* PCRA Court Opinion, 1/26/2022, at 9.

asserting "grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *See id*.; *see also Commonwealth v. Pollard*, 832 A.2d 517, 524 (Pa. Super. 2003).

Moreover, we have reviewed the record and note that there was a factual basis for Levtzow's plea despite his assertion that he could not have been found guilty of the charged crimes. The decedent's girlfriend, Jennifer Kough, was present with the decedent and Levtzow when the subject heroin was obtained. She told police that the decedent had driven Levtzow to the location of a drug dealer he knew so that Levtzow could purchase drugs for the three of them. Levtzow himself told an investigating officer that he sold or traded the decedent the subject heroin in exchange for pills.

Although Levtzow disputes that any of his conduct satisfies the element of "delivery" under 18 Pa.C.S. § 2506(a)), the statute makes it a first-degree felony if a person "dispenses, delivers, gives, prescribes, sells or distributes" a controlled substance. It was, therefore, sufficient that Levtzow either traded or gave the decedent the drugs that resulted in his death, and the record refutes Levtzow's claim that he was innocent of the charges.

Due to Levtzow's binding statements during his plea colloquy and record evidence of guilt, he has failed to show by a preponderance of the evidence that his underlying contention of an involuntary plea possesses arguable merit, that the course chosen by counsel had no reasonable basis designed to serve Levtzow's interests, and that counsel's conduct prejudiced Levtzow.

Thus, for all of the aforementioned reasons, the PCRA court did not abuse its discretion or otherwise err in denying Levtzow's amended PCRA petition, and the order on review must stand.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2022