J. S73010/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                              :              PENNSYLVANIA
                      v.                     :
                                                :
JAMES ROBERT SLATER,            :           No. 1934 WDA 2015
                                                :
                 Appellant          :

Appeal from the PCRA Order, November 12, 2015,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0008089-2007

BEFORE: FORD ELLIOTT, P.J.E., LAZARUS AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED OCTOBER 12, 2016**

James Robert Slater appeals from the November 12, 2015 order entered in the Court of Common Pleas of Allegheny County that denied his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA"). PCRA counsel has also filed an application to withdraw. We affirm.

The PCRA court set forth the following:

> [Appellant] was charged with Rape of a Child,[Footnote 1] Involuntary Deviate Sexual Intercourse with a Child ["IDSI"],[Footnote 2] Statutory Sexual Assault,[Footnote 3] Unlawful Contact with a Minor,[Footnote 4] Indecent Assault of a Child under 13,[Footnote 5] Indecent Exposure[Footnote 6] and Corruption of Minors.[Footnote 7] A jury trial was held before this Court in May, 2008 and at the close of the Commonwealth's case, [appellant's] Motion for Judgment of Acquittal was granted as to the Unlawful

Contact with a Minor charge. The jury returned a verdict of Not Guilty at the IDSI charge, but convicted [appellant] of all remaining charges.

[Footnote 1]  18 Pa.C.S.A. § 3121(c)
[Footnote 2]  18 Pa.C.S.A. § 3123(b)
[Footnote 3]  18 Pa.C.S.A. § 3122.1
[Footnote 4]  18 Pa.C.S.A. § 6318(2)
[Footnote 5]  18 Pa.C.S.A. § 3126(a)(7)
[Footnote 6]  18 Pa.C.S.A. § 3127(a)
[Footnote 7]  18 Pa.C.S.A. § 301(a)(1)

[Appellant] appeared before this Court on August 18, 2008 and was sentenced to a term of imprisonment of 10 to 20 years at the Rape count, with consecutive terms of imprisonment of three (3) to six (6) years at the Statutory Sexual Assault count and two and one half (2 ½) to five (5) years at the Corruption of Minors count. His Motion for Reconsideration was denied on August 26, 2008. The judgment of sentence was affirmed by the Superior Court on January 26, 2010 and his subsequent Petition for Allowance of Appeal was denied by our [Supreme] Court on September 15, 2010.

No further action was taken until November 2, 2011, when [appellant] filed a pro se [PCRA] Petition. Counsel was appointed to represent [appellant] and five (5) subsequent amendments to the Petition followed. An evidentiary hearing was held before this Court on January 8, 2013, after which this Court granted relief and ordered a new trial.

On October 21, 2013, [appellant] appeared before this Court with his new attorney, Nicole Nino, Esquire, and entered a negotiated guilty plea to all counts and was immediately sentenced to a term of imprisonment of seven and one half (7 1/2 ) to 15 years with a lifetime term of registration. No Post-Sentence Motions were filed and no direct appeal was taken.

> On November 26, 2014[Footnote 8], [appellant] filed a pro se [PCRA] Petition. Counsel was appointed to represent [appellant] and an Amended Petition followed. An evidentiary hearing was held before [this] Court on November 10, 2015, at which time relief was denied. A written Order to that effect followed on November 12, 2015. This appeal followed.
>
> > [Footnote 8] This Court has accepted the Petition as timely pursuant to the Prisoner Mailbox Rule[.][[1]]

PCRA court opinion, 5/19/16 at 1-3.

Appellant raises the following issue for our review:

> Whether the PCRA Court erred in failing to grant relief when counsel gave ineffective assistance by unlawfully inducing [a]ppellant to plead guilty?

Appellant's brief at 4.

On July 11, 2016, Attorney Thomas N. Farrell filed an application to withdraw and a *Turner*/*Finley*[2] no-merit letter in the form of an appellant's brief, where he concludes that there are no meritorious issues worth raising on appeal.

Before we consider appellant's argument, we must review Attorney Farrell's application to withdraw. Pursuant to *Turner*/*Finley*, before withdrawal on collateral appeal is permitted, an independent review of the record by competent counsel is required. *Commonwealth v. Pitts*,

---

[1] *See* Pa.R.A.P. 121(a).

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

981 A.2d 875, 876 n.1 (Pa. 2009). Counsel must then submit a no-merit letter that (1) details the nature and extent of his or her review; (2) lists each issue the petitioner wishes to have reviewed; and (3) explains why the petitioner's issues lack merit. *Id.* The court then conducts its own independent review of the record to determine whether the petition indeed lacks merit. *Id.* Counsel must also send petitioner: "(1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007) (citation omitted).

Our review of the record demonstrates that Attorney Farrell has complied with each of the above requirements. Additionally, Attorney Farrell sent appellant copies of the *Turner*/*Finley* no-merit letter and his application to withdraw and advised appellant of his right to retain new counsel or proceed *pro se*. *See Commonwealth v. Widgins*, 29 A.3d 816, 818 (Pa.Super. 2011).

We now address appellant's issue to determine whether we agree with Attorney Farrell that it lacks merit.

In PCRA appeals, our scope of review "is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." *Commonwealth v. Sam*, 952 A.2d 565, 573 (Pa. 2008) (internal quotation

omitted). Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. **Pitts**, 981 A.2d at 878. We defer to the PCRA court's factual findings and credibility determinations supported by the record. **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa.Super. 2014) (**en banc**). In contrast, we review the PCRA court's legal conclusions **de novo**. **Id.**

Here, appellant asserts ineffective assistance of guilty plea counsel.

> In evaluating claims of ineffective assistance of counsel, we presume that counsel is effective. **Commonwealth v. Rollins**, 558 Pa. 532, 738 A.2d 435, 441 (Pa. 1999). To overcome this presumption, Appellant must establish three factors. First, that the underlying claim has arguable merit. **See Commonwealth v. Travaglia**, 541 Pa. 108, 661 A.2d 352, 356 (Pa. 1995). Second, that counsel had no reasonable basis for his action or inaction. **Id.** In determining whether counsel's action was reasonable, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. **See Rollins**, 738 A.2d at 441; **Commonwealth v. (Charles) Pierce**, 515 Pa. 153, 527 A.2d 973, 975 (Pa. 1987). Finally, "Appellant must establish that he has been prejudiced by counsel's ineffectiveness; in order to meet this burden, he must show that 'but for the act or omission in question, the outcome of the proceedings would have been different.'" **See Rollins**, 738 A.2d at 441 (quoting **Travaglia**, 661 A.2d at 357). A claim of ineffectiveness may be denied by a showing that the petitioner's evidence fails to meet any of these prongs. **Commonwealth v. (Michael) Pierce**, 567 Pa. 186, 786 A.2d 203, 221-22 (Pa. 2001); **Commonwealth v. Basemore**, 560 Pa. 258, 744 A.2d 717, 738 n.23 (Pa. 2000); **Commonwealth v. Albrecht**, 554 Pa. 31, 720 A.2d

693, 701 (Pa. 1998) ("If it is clear that Appellant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met.").

*Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007).

In the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea. *See Commonwealth v. Mendoza*, 730 A.2d 503, 505 (Pa.Super. 1999). "[A] defendant is bound by the statements which he makes during his plea colloquy." *Commonwealth v. Barnes*, 687 A.2d 1163, 1167 (Pa. 1997) (citations omitted). As such, a defendant may not assert grounds for withdrawing the plea that contradict statements made when he entered the plea. *Id.* (citation omitted).

Here, appellant complains that plea counsel promised him that he would be paroled on the date of his minimum sentence and, based on that promise, he was unlawfully induced to plead guilty. At the PCRA hearing, however, appellant testified on cross-examination, as follows:

> Q    Sir, you stated that, if I understand your testimony, [plea counsel] stated that you could make parole; correct?
>
> A    Correct.
>
> Q    She didn't promise you that it was a hundred percent guaranteed; did she?
>
> A    No.

- 6 -

Notes of testimony, 11/10/15 at 7.

The record also reveals that plea counsel testified on direct examination, as follows:

> [Q] Do you recall -- or did you ever promise [appellant] that if he was -- he could be out on his minimum in this case?
>
> A No. And to that point, this practice, criminal practice, is very unpredictable. I do not make guarantees to clients.
>
> Q Have you ever made that promise?
>
> A To anyone? No. I never guarantee anything, especially when it comes to parole, certainly.
>
> Q Now, you heard [appellant], what he testified to. Did that occur, that testimony, do you recall that, whatever that was?
>
> A No. I discussed plenty of things regarding parole and processes and when you're considered a sex offender and the reentry programs and everything, but that specific, that you would be paroled at seven-and-a-half years, no.
>
> Q Would you --
>
> A Guarantee a seven-and-a-half year? No.

*Id.* at 9-10.

The record further reflects that at the conclusion of the testimony, the PCRA court denied appellant's PCRA petition, as follows:

> THE COURT: Well, in light of the fact of [plea counsel's] testimony, as well as the fact that [appellant] did not -- kind of hedged on he was

promised and said that she never promised him a hundred percent, I'm going to deny the PCRA.

*Id.* at 13.

Here, the PCRA court determined that plea counsel credibly testified and that appellant entered his guilty plea knowingly, voluntarily, and intelligently.[3] (**See id.**; **see also** PCRA court opinion, 5/19/16 at 6.) The record supports the PCRA court's factual findings, and we will not disturb them on appeal. The record also supports the PCRA court's legal conclusions, and they are free of legal error.

Having conducted an independent review of the record, this court is satisfied that the issue raised in appellant's petition is meritless and that the PCRA court did not err in denying appellant's petition. We, therefore, grant Attorney Farrell's petition to withdraw and affirm the PCRA court's order.

Petition to withdraw granted. Order affirmed.

---

[3] We note that during appellant's plea and sentencing colloquy, appellant stated, among other things, that he understood the nature of the charges against him; that he understood that he faced a maximum of 45 years of imprisonment; that he read, understood, and completed the guilty plea/explanation of defendant's rights form; that he was entering his guilty

J. S73010/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2016

---

plea because he is guilty; and that he was satisfied with the services of plea
counsel. (Notes of testimony, 10/21/13 at 4-8.)