J-S54010-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONNIE IRIZARRY | |
| Appellant | No. 121 MDA 2014 |

Appeal from the PCRA Order January 10, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000192-2008,
CP-36-CR-0000195-2008, CP-36-CR-0002542-2008

BEFORE: LAZARUS, J., MUNDY, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J. **FILED OCTOBER 08, 2014**

Ronnie Irizarry appeals from the trial court's order denying, after a hearing, his amended petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.[1] In November 2009, Irizarry entered an open guilty plea to two counts each of robbery[2] and intimidation of witnesses.[3] The charges stemmed from his involvement in a knife-point

---

[1] The standard of review of an order denying a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Johnston*, 42 A.3d 1120, 1126 (Pa. Super. 2012).

[2] 18 Pa.C.S. § 3701.

[3] 18 Pa.C.S. § 4952.

robbery of two clerks at a convenience store. He was sentenced to an aggregate sentence of 8½-20 years' incarceration.[4] On appeal, Irizarry contends that counsel was ineffective for inducing him to plead guilty by erroneously advising him that he would receive concurrent sentences and for telling him that if he did not plead guilty his sister would be charged as an accomplice to the robbery. After careful review, we affirm.

To prevail on an ineffectiveness claim, appellant must show that his underlying contention possesses arguable merit, that the course chosen by counsel had no reasonable basis designed to serve appellant's interests, and that counsel's conduct prejudiced appellant. *Commonwealth v. Mendoza*, 730 A.2d 503 (Pa. Super. 1999). Claims of ineffectiveness in connection with a guilty plea will provide a basis for relief only if ineffectiveness caused an involuntary or unknowing plea. *Commonwealth v. Yager*, 685 A.2d 1000, 1004 (Pa. Super. 1996) (en banc). The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty; all that is required is that appellant's decision to plead guilty be knowingly, voluntarily, and intelligently made. *Id*. at 1003.

In his amended petition, Irizarry claims that not only did counsel advise him that he would receive concurrent sentences, but that he would

_____

[4] The court's sentence consisted of concurrent terms of 4½-10 years' imprisonment for each robbery conviction and concurrent terms of 4-10 years in prison for each intimidation conviction. The intimidation sentences were ordered to run consecutive to the robbery sentences.

receive an aggregate sentence of not greater than 5-10 years. Moreover, Irizarry asserts that counsel told him if he did not plead guilty that his sister would be charged as an accomplice and could lose custody of her children.

Instantly, Irizarry was aware, prior to pleading guilty, that his sentences would not necessarily run concurrently; therefore, we cannot conclude that counsel caused Irizarry to enter an involuntary and unknowing plea. *Yager*, *supra*. Irizarry admitted that counsel was going to "ask for" concurrent sentences, N.T. PCRA Hearing, 11/25/2013, and that if he didn't receive concurrent sentences he wanted to appeal. *Id.* at 21. Moreover, Irizarry testified that counsel did not promise him a 5-10 year sentence. *Id.* at 20. Finally, Irizarry testified that counsel told him that if he didn't plead guilty his sister would also be charged, but he did not say what the charge would be. *Id.* at 18. However, counsel did not recall ever having such a conversation, *id.* at 8, 11, and that, at most, he told Irizarry that he was informed by the police that they were looking at bringing charges against his sister. *Id.* at 11. Finally, in both his signed, written colloquy and at his oral colloquy, Irizarry represented that no one had either made him any promises or representations to him in return for his guilty plea or threatened or forced him to plead guilty. N.T. Guilty Plea, 11/13/09, at 8; Written Guilty Plea Colloquy and Post-Sentence Rights, 11/13/09, at ¶¶50-52. Therefore, the record belies Irizarry's final claim.

After reviewing the parties' briefs, the certified record and relevant case law, we affirm the trial court's order denying Irizarry's amended PCRA

petition on the basis of the trial court opinion authored by the Honorable Dennis E. Reinaker. We instruct the parties to attach a copy of Judge Reinaker's decision in the event of further proceedings in the matter.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/8/2014

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA

C R I M I N A L

COMMONWEALTH OF PENNSYLVANIA ：
　　　　　　　　　　　　　　　　　　 ：
　　　　　　　　　v.　　　　　　　　 ：　　No.　0192-2008
　　　　　　　　　　　　　　　　　　 ：　　　　　 0195-2008
RONNIE IRIZARRY　　　　　　　　 ：　　　　　 2542-2008

**OPINION AND ORDER**

BY: REINAKER, J.
January 10 , 2014

　　　The Defendant, Ronnie Irizarry, has filed an Amended Motion for Post-Conviction

Collateral Relief. The Defendant argues that he is entitled to post conviction relief on one

ground: (1) that trial counsel was ineffective when he induced the Defendant to plead guilty by

erroneously advising the Defendant that he would receive concurrent sentences. The Court finds

that the Defendant's Amended Petition for Post-Conviction Collateral Relief will be Denied.

Procedural and Factual Background

　　　On October 5, 2007, the Defendant held a utility knife to the throat of a store clerk at

Advance Auto Parts and kicked another store clerk while committing a theft. (Notes of

Testimony Guilty Plea (N.T.G.P. 3)). Again on September 21, 2007, the Defendant held a knife

to the throat of another store clerk and took $250 from a Turkey Hill convenience store during

that robbery. (N.T.G.P. 4). The Defendant also made phone calls to a third party directing that

person to make sure that specific witnesses did not appear and testify against the Defendant on

the robbery charges. (N.T.G.P. 5). The Defendant agreed with, and admitted to, the above

recitation of the facts at his guilty plea proceeding.

On November 13, 2009, the Defendant tendered a straight guilty plea to the following offenses: two counts of Robbery[1] and two counts of Intimidation of Witnesses[2]. The guilty plea was accepted, and the Defendant immediately stood for sentencing. He received an aggregate sentence of not less than eight and one half (8 ½) nor more than twenty (20) years' incarceration. The Defendant was represented by Assistant Public Defender Samuel G. Encarnacion (Trial Counsel) at the guilty plea and sentencing.

On April 23, 2010, the Defendant filed a *pro se* Motion for Post-Conviction Collateral Relief, and attorney Vincent J. Quinn, Esquire was appointed to represent him. PCRA Counsel filed an Amended Petition for Post-Conviction Collateral Relief on June 15, 2010.

The Court held an evidentiary hearing on February 1, 2011, at which time the Court ordered both parties to file briefs. The Court entered an Opinion and Order permitting the Defendant to file a direct appeal *nunc pro tunc*, but advised that the Defendant's claim of Trial Counsel's inducement of the guilty plea was without merit.

On March 28, 2011, the Defendant filed a timely Post-Sentence Motion raising the discretionary aspects of his sentence and this was denied on April 5, 2011. Defendant subsequently appealed this matter to the Pennsylvania Superior Court. The Superior Court affirmed the sentence on November 17, 2011.

Defendant filed a timely PCRA on October 26, 2012. Counsel was appointed and an amended PCRA was filed on August 9, 2013. Following the Commonwealth's Answer, a hearing was held on November 25, 2013, at which time the Court ordered both parties to file briefs. Both parties have submitted their briefs, and the matter is ready for decision.

---

[1] 18 PS § 3701(a)(1)(ii)
[2] 18 Pa.C.S.A. § 4952(a)(2)(3)(5)(6)

2

In his motion, the Defendant raises a claim of ineffective assistance of counsel. The following standards apply to the determination of ineffectiveness issues.

The law presumes that counsel was effective and the Defendant has the burden of proving ineffectiveness. Commonwealth v. Brooks, 839 A.2d 245, 248 (Pa. 2003). Therefore, to prevail on an ineffectiveness claim, the Defendant must demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) counsel's performance caused him prejudice. Commonwealth v. Miller, 746 A.2d 592 (Pa. 2000).

In his claim, the Defendant contends that his guilty plea was the product of ineffective assistance of counsel in that counsel advised the Defendant that 1) he would receive concurrent sentences resulting in an aggregate sentence of not less than five (5) nor more than ten (10) years and 2) if he did not plead guilty his sister would be charged with a criminal offense.

Disappointed expectations alone do not vitiate guilty pleas. Commonwealth v. Vesay, 464 A.2d 1363 (Pa.Super. 1983), citing Commonwealth v. Sanutti, 312 A.2d 42 (Pa. 1973). The Defendant must prove that the ineffective assistance of counsel caused an involuntary or unknowing plea. Commonwealth v. D'Collanfield, 805 A.2d 1244 (Pa.Super. 2002). In this case, the record clearly demonstrates that the Defendant voluntarily and knowingly entered his guilty plea.

Trial Counsel testified that, prior to the guilty plea he informed the Defendant that there was a possibility that he could receive consecutive sentences. (Notes of Testimony PCRA 2/1/11 (N.T.PCRA. 2/1/11; 8-10)). At the time of the guilty plea, the Court clearly informed the Defendant of the potential maximums he was facing. (N.T.G.P. 5). The Court informed the Defendant that he was facing a total of 80 years in prison for the four offenses he was pleading

guilty to. (N.T.G.P. 5). The Court also reviewed the written colloquy signed by the Defendant himself. (N.T.G.P. 6). When asked by the Court, the Defendant indicated that he understood that when he signed the guilty plea slips, he was in fact pleading guilty to each offense. (N.T.G.P. 6). Additionally, the Court specifically told the Defendant that he was entering an open plea and that there was no agreement with regard to his sentence. (N.T.G.P. 8-9).

Furthermore, in the Defendant's first Amended Petition for Post-Conviction Collateral Relief (dated June 15, 2010) he admits that he spoke with Trial Counsel prior to entering his guilty plea and he "specifically advised him that he wished to receive concurrent sentences." He instructed his Trial Counsel that if he did not receive concurrent sentences, Counsel should file an appeal on his behalf. (Amended PCRA Petition 5/15/10; 3). At the February 1, 2011 PCRA proceeding, the Defendant again admitted that he told Trial Counsel prior to pleading guilty that he wanted to appeal if his sentences were not run concurrently. (N.T.PCRA. 2/1/11; 18-19). This negates the Defendant's claim that he would not have pleaded guilty if he knew consecutive sentences were possible. In fact, he had already advised his Trial Counsel to file an appeal should he receive consecutive sentences.

Further, guilty plea Counsel told the Defendant that he would ask for concurrent sentences, but it was up to the Judge to decide whether to run those sentences concurrent or not. (Notes of Testimony PCRA 11/25/13 (N.T.PCRA. 11/25/13; 5)). Guilty plea Counsel did not promise the Defendant any specific sentence. (N.T.PCRA. 11/25/13; 20). The Defendant also admitted that he was not promised a five (5) to ten (10) year sentence by Counsel. (N.T.PCRA. 11/25/13; 20). In fact, the Defendant discussed the possibility of appealing his sentence if he did not receive concurrent sentences (N.T.PCRA. 11/25/13; 20). This discussion concerning the appeal process is confirmation that the Defendant was aware he could have received consecutive

4

sentences prior to pleading guilty. These circumstances all indicate that the Defendant's plea was knowing, voluntary, and intelligently entered. Therefore, the Defendant's claim should fail.

Finally, the Defendant claims that he was improperly induced into pleading guilty when Counsel told him that his sister would be charged as a result of her involvement in the crime if he did not plead guilty. Specifically, he claims that Counsel told him that if he did not plead guilty, his sister would be charged as an accomplice and her children would be taken away. (N.T.PCRA. 11/25/13; 17). Counsel stated that he remembers the possibility of Defendant's sister being charged as an accomplice being discussed by police, but he does not remember discussing with Defendant that she would not be charged if he entered a guilty plea. (N.T.PCRA. 11/25/13; 11). This discussion does not amount to an unlawful inducement to plead guilty. Further, it does not amount to the ineffective assistance of counsel and is merely a conversation about the consequences if the Defendant did not plead guilty. As such, the Defendant's claim is meritless and should fail.

Accordingly, I enter the following:

5